The Goerke Company gave space in its department store to the Strauss-Roth Stores, Incorporated, for a food department, for the term of five years from February 1st, 1930, for five per cent. of the gross sales of the department, to be not less than $6,000 a year.
On April 1st, 1931, receivers of Strauss-Roth took possession and carried on the business until May 3d 1932. The Goerke Company handled all the cash of the department, both before and after the receivership. For the fiscal year ending February 1st, 1932, five per cent. of the gross sales amounted to $4,650.55; the Goerke Company retained $6,000. The receivers of Strauss-Roth presented a claim for the difference, $1,339.45, to the receiver of the Goerke Company, appointed April 28th, 1932, asserting that five per cent. *Page 397 
was a reasonable return for the use of the space during the occupancy of the receivers. This appeal is from the ruling of the receiver of the Goerke Company rejecting the claim.
In deciding the rental to be paid by the receiver of the Goerke Company, for his possession of the Goerke Department Store (112 N.J. Eq. 391), it was said, "the receiver's possession succeeded upon that of the company whose business he continued. His succession carried with it the implication that he would pay the prevailing rental, if reasonable, for his use and occupancy." If there were no proof to the contrary, the amount stipulated would be taken as reasonable.
There is, however, testimony, and it was not attempted to be met, that the customary return for space, such as here involved, is five per cent. of the gross proceeds of sales, and that that percentage is reasonable for the use and occupancy by the receivers of Strauss-Roth. That testimony is furnished by one well qualified, but perhaps biased by his connection with Strauss-Roth. He is, however, supported by influential circumstances that are undisputed: (a) The contract to pay $6,000 as a minimum of the usual five per cent. of the gross proceeds, appears to be an exaction in a compromise of an earlier undertaking of Strauss-Roth to pay a flat rental of $10,000 a year. (b) The financial depression was deeper during the fiscal year, and the wholesale and retail prices of food products were from thirty per cent. to fifty per cent. lower than in the previous year. (c) Upon the Strauss-Roth receivers surrendering possession, May 3d 1932, the same premises were leased to the National Provision Company for $3,600 a year.
We are of the opinion that five per cent. of the gross sales was a reasonable, if not a high, rental.
The possession of Strauss-Roth was only for the last ten months of the fiscal year. They will be allowed ten-twelfths of their claim.
Title to the moneys collected by the Goerke Company was in the Strauss-Roth Company. It was held in trust by the Goerke Company. It will be ordered paid in full out of the assets. *Page 398 
The contention of the receiver of the Goerke Company, that possession by the receivers of Strauss-Roth for thirteen months implied that they would pay the stipulated sum, or, as he puts it, they are stopped from denying the implication, is without merit. The long delay might have a bearing upon the issue of an election by the receivers to assume the contract. Here the court reserved to the receivers the right of election during the period of their possession. An affirmance of the contract is not claimed.